IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FERISSA TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-00493-CV-W-ODS |
| | ) | |
| U.S. DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO RECONSIDER</u>

Pending is Plaintiff's Motion to Reconsider and Reverse Order Granting Defendant's Motion to Stay. Doc. #15. For the following reasons, the motion is denied.

## I. BACKGROUND

In June 2019, Plaintiff Ferissa Talley filed a FOIA action in this Court, seeking the release of documents from Defendant United States Department of Labor. Doc. #1. Plaintiff sought the same documents that another individual, Jack Jordan, sought in one of his FOIA requests. Jordan, proceeding pro se, previously filed a lawsuit in this Court. *Jordan v. United States Dep't of Labor*, No. 18-06129 (W.D. Mo.) (hereinafter, "the *Jordan* matter"). In the *Jordan* matter, the Court dismissed one claim and granted summary judgment in Defendant's favor on the other claim. The *Jordan* matter was appealed to the Eighth Circuit Court of Appeals.

After the above-captioned matter was filed, Defendant moved to stay the case pending disposition of the *Jordan* matter before the Eighth Circuit. Doc. #4. Plaintiff opposed the motion. Doc. #5. In July 2019, the Court granted Defendant's request to stay this matter pending the Eighth Circuit's disposition of the *Jordan* matter. Doc. #7.

In October 2019, Jordan, who was recently admitted to practice in this Court, entered his appearance as Plaintiff's counsel. Doc. #8. Thereafter, the Court permitted Plaintiff's now-former counsel, Joshua Sanders, to withdraw. Doc. #11. Plaintiff, now represented by Jordan, filed a motion seeking reconsideration of the Court's decision

staying the matter. Doc. #15. Defendant did not respond to the motion, and the time for doing so has passed. L.R. 7.0(c).

## II. LEGAL STANDARDS
### A. Motion for Reconsideration

Plaintiff's motion seeks relief pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides district courts with the "inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1016-17 (8th Cir. 2007); Fed. R. Civ. P. 54(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). "Such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).

### B. Motion to Stay

As explained in the Court's prior decision, "[a] district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones,* 520 U.S. 681, 706 (1997)). District courts have the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (citation omitted).

## III. DISCUSSION

In the pending motion, Plaintiff raises nearly all of the same arguments she raised in response to Defendant's motion to stay. In fact, several portions of the pending motion are identical to Plaintiff's opposition to the motion to stay. *Compare* Doc. #5, at 16-21, 23-26, *with* Doc. #15, at 7-11, 14-15, 17-21. Because the Court has already considered the previously raised arguments, it will only address the one argument Plaintiff did not raise in response to Defendant's motion to stay.

According to Plaintiff, Defendant, in its appellate brief in the *Jordan* matter, raised "two new defenses related to [Plaintiff's] case (res judicata and 'confidential' prong of FOIA Exemption 4)." Doc. #15, at 11. She contends these defenses "must be presented to and adjudicated by this Court under controlling law before they can be reviewed by the Court of Appeals…." *Id.* Plaintiff argues, "[t]his Court must address 'the important concerns about' the 'hazard that the prior proceedings were seriously defective" and also "must find that the DOL *proved* that D.C. courts afforded Jordan a '*full* and *fair* opportunity for judicial resolution of the *same* issue' in this case." *Id.* at *12.*

Contrary to Plaintiff's argument, these defenses are not at issue in her case. No answer or motion to dismiss has been filed, and therefore, these defenses, if applicable, have not been raised. Additionally, these arguments appear pertain specifically to Jordan, not Plaintiff. Further, even if these arguments were relevant to Plaintiff's claims, the arguments were raised with the Eighth Circuit. Given the posture of the *Jordan* matter, those issues will be more expeditiously resolved by the Eighth Circuit.

Plaintiff's motion to reconsider does not seek to correct manifest errors of law or fact and does not present newly discovered evidence. In addition, the motion does not demonstrate "exceptional circumstances" requiring the Court to grant the "extraordinary relief" she seeks. Moreover, as stated in its prior decision, staying this matter will conserve the parties' and the judiciary's time and resources in that the same issues and arguments will not have to be relitigated while awaiting a decision from the Eighth Circuit. Accordingly, the Court denies Plaintiff's motion for reconsideration.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider and Reverse Order Granting Defendant's Motion to Stay is denied.
IT IS SO ORDERED.

DATE:  November 18, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT