IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| FERISSA TALLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 19-00493-CV-W-ODS |
|  | ) |  |
| U.S. DEPARTMENT OF LABOR, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

<u>ORDER AND OPINION (1) STRIKING PLAINTIFF'S
"SUGGESTIONS OPPOSING DOL SUGGESTION FOR IN COURT
CONFERENCE REQUIRING PLAINTIFF'S ATTENDANCE," AND
(2) DENYING PLAINTIFF'S MOTION TO REMEDY JUDGE SMITH'S LIES
AND CRIMES AND LIFT THE STAY OR DISQUALIFY JUDGE SMITH</u>

Pending is Plaintiff Ferissa Talley's "Motion to Remedy Judge Smith's Lies and Crimes and Lift the Stay or Disqualify Judge Smith." For the following reasons, the Court denies Talley's "Motion to Remedy Judge Smith's Lies and Crimes and Lift the Stay or Disqualify Judge Smith" (Doc. #17) and strikes Talley's "Suggestions Opposing DOL Suggestion for In-Court Conference Requiring Plaintiff's Attendance" (Doc. #19).

## I. BACKGROUND

Plaintiff Ferissa Talley filed this lawsuit in June 2019 seeking the release of documents from the United States Department of Labor. Doc. #1. The same documents were sought by another individual, Jack Jordan, who previously filed a lawsuit in this Court. *Jordan v. U.S. Dep't of Labor*, No. 18-06129 (W.D. Mo.) (hereinafter, "the *Jordan* matter"). In the *Jordan* matter, the Court dismissed some of Jordan's claims and granted summary judgment in favor of Defendant on Jordan's remaining claims. The *Jordan* matter is now on appeal.

The day after Talley filed her lawsuit, Defendant moved to stay the case pending disposition of the *Jordan* matter before the Eighth Circuit. Doc. #4. Talley opposed the motion. Doc. #5. In July 2019, the Court granted Defendant's motion to stay. Doc. #7. In October 2019, Jordan entered his appearance as Talley's counsel, and the Court

permitted Talley's prior counsel to withdraw.  Docs. #8, 11.  Talley, now represented by Jordan, then moved to reconsider the Court's decision staying this matter.  Doc. #15.[1]  The Court denied Talley's motion on November 18, 2019.  Doc. #16.

One day later, Talley filed the pending motion.  The motion is titled "Motion to Remedy Judge Smith's Lies and Crimes and Lift the Stay or Disqualify Judge Smith."  Doc. #17.  Defendant filed its opposition on December 3, 2019.  Doc. #18.  On December 6, 2019, Plaintiff filed two documents: "Plaintiff's Suggestions Opposing DOL Suggestion for In-Court Conference Requiring Plaintiff's Attendance" (Doc. #19) and "Plaintiff's Reply Suggestions Supporting Motion to Lift the Stay or Disqualify Judge Smith" (Doc. #20).  The Court first addresses "Plaintiff's Suggestions Opposing DOL Suggestion for In-Court Conference Requiring Plaintiff's Attendance" before turning to the relief sought in Talley's motion.

## II.  DISCUSSION

### A.  Opposition to "DOL Suggestion for In-Court Conference"

In response to Talley's motion, Defendant argued, among other things, that "Talley's pleading is both abusive and baseless.  The DOL suggests that the Court set an in-court conference requiring the attendance of both Talley and her attorney to reinforce the rules of pleadings decorum expected of both litigants and counsel."  Doc. #18, at 2 (emphasis in original).  In response to this argument only, Talley filed a separate document opposing "DOL Suggestion for In-Court Conference."  Doc. #19.  Talley's filing argues Defendant suggestion "was essentially an illegal request without [a] motion."  Doc. #19, at 5.  Defendant did not file a motion, and the Court does not construe Defendant's filing as a motion.  Accordingly, Talley was not allowed to file suggestions in opposition to Defendant's opposition to her motion.  *See* L.R. 7.0(c)(2).

Instead, Talley was permitted to only file a reply in further support of her motion.  L.R. 7.0(c)(3).  She filed a reply but also filed suggestions in opposition to Defendant's opposition to her motion, or as she contends, Defendant's "suggestion for in-court

---

[1] Talley filed three motions to reconsider, but the first two motions were denied without prejudice due to her failure to adhere to the Court's Local Rules.  Docs. #10, 12-14.  The third motion complied with the Local Rules.  Doc. #15.

2

conference." Doc. #19-20.  To the extent Talley intended both filings to be considered "replies," the Local Rules do not permit two replies.  Because Talley did not seek leave to file a separate response to Defendant's opposition to Talley's motion and did not seek leave to file two replies, the Court strikes Talley's "Suggestions Opposing DOL Suggestion for In-Court Conference Requiring Plaintiff's Attendance."  Doc. #19.

B. Talley's Motion

(1) Reconsideration

Talley asks the Court to reconsider its decision imposing a stay but does not provide a procedural basis for her request.  Presumably, Talley seeks reconsideration of the Court's Order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  As previously stated by the Court, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).  "Such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).  Talley does not raise a new basis for the Court to lift the stay, and the Court already addressed her prior arguments.  *See* Docs. #4, 6-7, 15-16.  Accordingly, Talley's motion for reconsideration is denied.

(2) Disqualification

Talley also moves to disqualify the undersigned.  "[A] judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (citation omitted).  A motion to disqualify may be based on 28 U.S.C. § 455, which requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (citations and internal quotations omitted).  Section 455 also requires a judge to "disqualify himself… [w]here he has a personal bias or prejudice concerning a party, or

3

personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).[2]

To support her motion to disqualify, Plaintiff refers to the undersigned's decisions in the *Jordan* matter and the decisions issued in this matter. Doc. #17, at 18-20. However, the United States Supreme Court has held "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). "In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion)," a judge's rulings "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required…when no extrajudicial source is involved." *Id.*; *see also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*; *United States v. Collier*, 932 F.3d 1067, 1078-79 (8th Cir. 2019) (citation omitted); *Minard*, 856 F.3d at 555 (quoting *Liteky*, 510 U.S. at 555). Judicial rulings – absent evidence a ruling was derived "from an extrajudicial source or reflects favoritism or antagonism to such a degree that makes 'fair judgment impossible'" – are insufficient to support disqualification of a judge.

Talley does not identify an extrajudicial source upon which the undersigned relied in rendering his decisions in the *Jordan* matter or this matter. In addition, Talley points to nothing in the undersigned's rulings that "reflects favoritism or antagonism," such that a fair judgment would be impossible. *Collier*, 932 F.3d at 1079. Hence, her reliance on the undersigned's decisions in this matter and the *Jordan* matter is insufficient to support disqualification.

Talley also argues disqualification is required because the undersigned committed and continues to commit crimes in the *Jordan* matter and in this matter. Specifically, Talley states the undersigned "committed criminal conspiracy," conspired

---

[2] A motion to disqualify may also be based on 28 U.S.C. § 144, which requires a party file "a timely and sufficient affidavit" establishing "the judge before whom the matter is pending has a personal bias or prejudice" against the party. 28 U.S.C. § 144. Talley did not file an affidavit with her motion to disqualify, and thus, cannot seek relief under section 144.

with Defendant's counsel "to defraud the United States," is "committing crimes," is helping the DOL "criminally conceal evidence," "is asserting Lies to help the DOL and DOJ employees conceal material facts," violated and is violating "federal law" and "the Constitution," and "openly declared his intent to decide this case fraudulently." Doc. #17, at 8-9, 13-14, 16-20.[3]

These statements are reminiscent of Jordan's assertions in two FOIA lawsuits filed in the United States District Court for the District of Columbia. When seeking to disqualify Judge Contreras in both matters, Jordan maintained Judge Contreras, *inter alia*, "engaged in criminal conduct." *Jordan v. U.S. Dep't of Labor*, No. 16-CV-1868-RC (D.D.C.); *Jordan v. U.S. Dep't of Justice*, No. 17-CV-2702-RC (D.D.C.). When denying one of the motions, Judge Contreras noted, the "allegations of bias, partiality, and criminal behavior on the part of the Court are rambling, entirely unfounded, and – it bears mention – meritless." No. 16-CV-1868-RC (D.D.C. Mar. 30, 2018) (Doc. #60, at 9); *see also* No. 17-CV-2702 (D.D.C. June 8, 2018) (Doc. #23, at 10) (finding Jordan's allegations that Judge Contreras was committing crimes were "bald allegations"). The Judge also observed there was "no factual support for any accusation that this Court was impermissibly motivated" and there was no explanation as to "what this judge's interests in this matter might be." *Id.* at 11-12. Judge Contreras denied both motions, finding Jordan failed to show "any basis on which an objective observer might reasonably question this Court's partiality." *Id.* at 13; No. 17-CV-2702 (D.D.C. June 8, 2018) (Doc. #23, at 11). The United States Court of Appeals affirmed Judge Contreras's decision in one matter, finding no "evidence of judicial bias, despite appellant's accusations to the contrary." *Jordan v. U.S. Dep't of Labor*, No. 18-5128 (D.C. Cir. Oct. 19, 2018). The other matter has not been appealed.

Like Jordan, Talley lodges unsubstantiated and meritless accusations against the undersigned. However, such conclusory and unfounded allegations are insufficient to support disqualification. *See In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996) (stating a party must "meet the substantial showing necessary to establish a

---

[3] The Court issues a separate order (Doc. #23) directing Talley and her counsel to show cause why either or both should not be held in contempt for the statements and accusations in the motion.

5

clear and indisputable right to recusal"); *Davis v. Comm'r of Internal Revenue*, 734 F.2 1302, 1303 (8th Cir. 1984) (finding "conclusions, opinions, and rumors" are insufficient to support recusal); *United States v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970) (finding "conclusory allegations" do not satisfy the requirement for disqualification). Talley's unsupported allegations do not satisfy her substantial burden of proving disqualification is required.

Based on the foregoing, the Court finds Talley fails to present "facts [that] would provide an objective knowledgeable member of the public with a reasonable basis for doubting [the undersigned]'s impartiality." *Perkins v. Spivey*, 911 F.2d 22, 33 (8th Cir. 1990). Accordingly, the Court denies Talley's motion for disqualification.

### III. CONCLUSION

For the foregoing reasons, the Court strikes Talley's "Suggestions Opposing DOL Suggestion for In-Court Conference Requiring Plaintiff's Attendance" (Doc. #19) and denies Talley's "Motion to Remedy Judge Smith's Lies and Crimes and Lift the Stay or Disqualify Judge Smith" (Doc. #17).

IT IS SO ORDERED.

DATE: January 8, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT