IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FERISSA TALLEY, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 19-00493-CV-W-ODS ) |
| U.S. DEPARTMENT OF LABOR, | ) ) |
| Defendant. | ) |

## ORDER (1) GRANTING THE PARTIES' REQUESTS TO LIFT THE STAY, (2) LIFTING THE STAY, (3) DENYING PLAINTIFF'S OTHER REQUESTS FOR RELIEF, AND (3) DIRECTING THE PARTIES TO FILE DISPOSITIVE MOTIONS

In July 2019, the Court stayed this matter pending the Eighth Circuit's disposition of *Jordan v. United States Department of Labor*, No. 19-1743. Doc. #7. On February 21, 2020, the Eighth Circuit issued its decision in *Jordan*, affirming the Court's decisions to dismiss some claims as duplicative of another pending litigation and granting summary judgment on the remaining claims. No. 18-6129 (Doc. #81-1). Before and after the Eighth Circuit issued its decision, several motions were filed in this matter: Plaintiff's Motion and Facts and Suggestions Supporting Motion to Reconsider and Lift the Stay (Doc. #33), Plaintiff's Motion to Lift Stay (Doc. #44), Defendant's Motion to Lift [Stay] and Response to Plaintiff's Motion to Reconsider and Reverse Stay (Doc. #45), and Plaintiff's Motion to Lift Stay or Ex[p]lain How Judge Smith is Not Using the Stay to Commit Crimes (Doc. #58).

On May 5, 2020, the Eighth Circuit issued its mandate. No. 18-6129 (Doc. #82). In doing so, the Eighth Circuit has disposed of the *Jordan* matter. 16AA Catherine T. Struve, Federal Practice and Procedure § 3987 (4th ed. 2020). (stating "[u]ntil the mandate issues…, the case ordinarily remains within the jurisdiction of the court of appeals."). Accordingly, the Court grants the parties' requests to lift the stay and hereby lifts the stay in this matter.

Defendant requests the Court enter a briefing schedule, requiring the parties to file dispositive motions within thirty days of the mandate being issued. Doc. #45, at 1;

Doc. #59, at 1.  Plaintiff argues Defendant's request should be denied because Defendant has "willfully failed to ever show that tying the timing of proceedings in this case to proceedings in *Jordan 2018* was not clearly contrary to clear and clearly-controlling plain language of the Constitution, federal law and Supreme Court and Eighth Circuit precedent."  Doc. #46, at 1; *see also* Doc. #60, at 1-2.  He also contends Defendant "has refused to address" the "blatant illegality" of the stay.  *Id.*; *see also* Doc. #60, at 1-2.  Finally, Plaintiff argues Defendant's motion fails to comply with the Local Rules and the Federal Rules of Civil Procedure.  *Id.* at 2; *see also* Doc. #60, at 2.  Plaintiff, however, does not provide an alternative suggestion as to how this case should move forward.

      The Court directs the parties to file all dispositive motions by no later than June 3, 2020.  The parties' motions and filings shall comply with the requirements set forth in the Local Rules and the Federal Rules of Civil Procedure.  Plaintiff's remaining requests in the above-referenced motions are denied.

IT IS SO ORDERED.

DATE:  May 5, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT