IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FERISSA TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-00493-CV-W-ODS |
| | ) |
| U.S. DEPARTMENT OF LABOR, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER REFUSING TO DISQUALIFY JUDGE SMITH

Pending is Plaintiff Ferissa Talley's Motion to Reconsider and Vacate Order Imposing Sanctions and Order Refusing to Disqualify Judge Smith. Doc. #61. This Order addresses Talley's request to reconsider the Court's decision denying her "Motion to Remedy Judge Smith's Lies and Crimes and Lift the Stay or Disqualify Judge Smith" (Doc. #22). Because the Honorable Beth Phillips issued the Order sanctioning Talley's counsel, the Court refers that portion of the motion to Judge Phillips.

The Court presumes Talley's motion to reconsider is made pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). "Such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).

Talley reiterates many of the arguments from her initial motion to disqualify. The Court denies those arguments for the same reasons set forth in its prior Order. *See* Doc. #22. But Talley now contends disqualification is supported by the following:

> Copious additional evidence created or obtained since February 18 supports the analysis previously presented by Jordan and Talley showing that Judge Smith asserted Lies and committed crimes. Most importantly, Judge Smith knew (and has been apprised repeatedly) that on February 21, 2020—almost 11 weeks ago—the Eighth Circuit eliminated the pretext asserted by Ray and Judge Smith to justify the stay and seeking the stay. The Eighth Circuit issued its decision in *Jordan* without saying even one word that could be relevant to any issue in this case. *See Jordan* Docs. 81, 81-1. Nearly as important, for that same reason, for 10 weeks, Ray, Garrison and the DOL have joined Talley and Jordan in *repeatedly* asking Judge Smith to lift the

> stay that he imposed in July 2019. See Docs. 44 (2/22/2020), 45 (2/25/2020), 58 (4/16/2020), 59 (4/30/2020). Despite all the foregoing, Judge Smith has failed to lift the stay—and he has failed to assert any justification for failing to lift the stay.

Doc. #61, at 3-4.

In July 2019, the Court stayed this matter pending the Eighth Circuit's disposition of *Jordan v. United States Department of Labor*, No. 19-1743. Doc. #7. On February 21, 2020, the Eighth Circuit issued its decision in *Jordan*, affirming the Court's decisions to dismiss some claims as duplicative of other pending litigation and granting summary judgment on the remaining claims. *Jordan v. U.S. Dep't of Labor*, 794 F. App'x 557 (8th Cir. 2020). Although it issued a decision, the Eighth Circuit retained jurisdiction of *Jordan* until it issued its mandate. 16AA Catherine T. Struve, Federal Practice and Procedure § 3987 (4th ed. 2020) (stating "[u]ntil the mandate issues…, the case ordinarily remains within the jurisdiction of the court of appeals."). On May 5, 2020, the Eighth Circuit issued its mandate. This Court immediately lifted the stay in this matter. Doc. #62. Contrary to Talley's argument, the Court did not fail to lift the stay. Rather, the Court lifted the stay once the Eighth Circuit no longer retained jurisdiction over *Jordan*.

Also, the Court's alleged failure to lift the stay does not justify disqualification. 28 U.S.C. § 455(a); *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted) (holding "judicial rulings alone almost never constitute a valid basis" for disqualification). Likewise, Talley's speculation as to why the stay was not lifted when the Eighth Circuit issued its decision does not support disqualification. *United States v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970) (finding "conclusory allegations" do not satisfy the requirement for disqualification). For the foregoing reasons, the Court denies Talley's motion to reconsider the Court's ruling on her motion to disqualify.[1]

IT IS SO ORDERED.

DATE: May 6, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court notes Talley's motion makes purported statements about unlawful and criminal conduct by the undersigned (as well as Defendant and Defendant's counsel). Doc. #61, at 3-4, 7-10, 15. These statements are similar to those summarized in the Court's January 8, 2020 Order (Doc. #23) and addressed in Judge Phillips's March 4, 2020 Order (Doc. #47; Doc. #47-1), wherein Talley's counsel, Jack Jordan, was sanctioned. Yet, Jordan's conduct remains unchanged. The undersigned refers this issue to Judge Phillips.