IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FERISSA TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-00493-CV-W-ODS |
| ) | |
| U.S. DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On June 26, 2020, the Court granted Defendant's Motion for Protective Order and denied Plaintiff's request for a discovery telephone conference. Doc. #83. As explained in the Order, Plaintiff served written discovery on Defendant even though discovery had not commenced, the parties had not held a Rule 26(f) conference, and the Court had not ordered the parties (nor did the parties request) to hold a Rule 26(f) conference. *Id.* at 2. Additionally, the Court noted this is a FOIA lawsuit where discovery is "generally unavailable" and "rare." *Id.* (citations omitted).

That same day, Plaintiff filed a motion asking the Court to reconsider its Order. Doc. #84. Then, on June 29, 2020, Plaintiff filed a corrected motion to reconsider. Doc. #86. On June 30, 2020, the Court denied Plaintiff's request to reconsider the Court's June 26, 2020 Order. Doc. #89. The Court also stated the following:

> Plaintiff's counsel has filed numerous motions in this matter, including but not limited to ten motions to reconsider (not including the motions discussed above). Docs. #10, 13, 15, 17, 26, 28, 32, 33, 36, 37, 39, 41, 44, 50, 52, 53, 58, 61. These motions, including the most recently filed motions, are largely frivolous, unprofessional, and scurrilous, if not defamatory, in tone and content. The Court refers Plaintiff's counsel to Judge Phillips's March 4, 2020 Order wherein Judge Phillips determined Plaintiff's counsel violated Rule 11, sanctioned him, and referred him to the Kansas Bar Association. Doc. #47.
>
> Three dispositive motions are pending in this matter. Docs. #67, 69, 75. Yet, Plaintiff continues to file other motions. The Court warns Plaintiff that additional frivolous motion practice will be met with additional sanctions, another referral to the Kansas Bar Association, and referrals to other jurisdictions wherein counsel is licensed to practice law.

*Id.* at 1-2.

Despite the Court's directive, Plaintiff's counsel filed two motions on July 1, 2020: (1) "Plaintiff's Motion for Order Stating the Law and Showing Judge Smith Did Not Lie About the Law," and (2) "Plaintiff's Motion for Order Stating the Law Showing Judge Smith's Threat Was Not Criminal." Docs. #90-91. These motions are the precise type of filings prohibited by the Court. That is, the motions are "frivolous, unprofessional, and scurrilous, if not defamatory, in tone and content." Doc. #89, at 1. On July 1, 2020, the Court struck Plaintiff's motions due to noncompliance with the Court's June 30, 2020 Order. Doc. #92. The Court also prohibited Plaintiff and her counsel "from filing anything further in this matter without the Courts prior approval." *Id.*

### Plaintiff's Counsel's Email and Attachment Thereto

On July 2, 2020, Plaintiff's counsel sent an email to Chambers. Therein, counsel requested leave to file a Notice of Appeal so that he may appeal Judge Phillips's decision sanctioning him. He also attached a motion seeking leave to file the Notice of Appeal. The Clerk's Office is directed to file the motion attached to counsel's email as a motion. The filing of this motion does not grant permission to Plaintiff or her counsel to file anything else in this matter, including the Notice of Appeal that is the subject of the motion, without the Court's prior approval. Defendant shall have the customary amount of time allotted by the Local Rules to respond to the motion.

Also included in Plaintiff's counsel's email is a request for a telephone conference "to secure the ability to inspect or obtain a copy of the portions of Powers' email showing (1) any privilege notation…and (2) any non-commercial, non-financial words stating an express request for advice, input or review…." This request is identical to the first request that Plaintiff's counsel emailed to Chambers on June 24, 2020. *See* Doc. #83, at 1. The Court denied the first request on June 26, 2020, and for the same reasons, the Court denies the second request.

Plaintiff's counsel's second request for a telephone conference is nothing more than an attempt to circumvent the Court's Order prohibiting additional filings, seek reconsideration of a prior decision, and obtain discovery in a matter where discovery has not commenced. The Clerk's Office is directed to file Plaintiff's counsel's email as a communication with the Court. The Court strikes Plaintiff's counsel's email due to non-

compliance with the Court's June 30, 2020 Order. The Clerk's Office shall retain a copy of the filing under seal.

To be clear, Plaintiff and her counsel are prohibited from filing anything further in this matter without the Court's prior approval. Moreover, the Court will not allow Plaintiff and her counsel to file motions that seek the same relief sought in other motions, rehash arguments previously presented, or include frivolous, unprofessional, or scurrilous tone or content.

### Providing Order to Plaintiff

Plaintiff should be aware that her counsel is violating the Local Rules, the Federal Rules of Civil Procedure, and this Court's Orders. Continued violations may result in sanctions that could affect the merits and outcome of Plaintiff's. This is because the United States Supreme Court has held*, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) (holding there was "no merit to the contention that dismissal of petitioner's claim because of counsel's unexcused conduct imposes an unjust penalty on the client.").

Plaintiff voluntarily chose Jack Jordan as her counsel and representative in this lawsuit. Consequently, Plaintiff "cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link*, 370 U.S. at 633-34 (citation omitted).

Plaintiff may "be held accountable for the acts and omissions of [her] chosen counsel." *Pioneer Inv. Servs. Co.*, 507 U.S. at 397. Thus, Plaintiff should be made aware, if she is not already, of the actions taken and words used by her counsel on her behalf. Accordingly, Plaintiff's counsel is ordered to provide a copy of this Order to his client. Within three business days of this Order, Plaintiff's counsel shall file a receipt indicating he provided this Order to his client, when he provided the Order to his client, and the manner in which he sent the Order. Within five business days of this Order, Plaintiff's counsel shall file a receipt signed by his client indicating she received a copy

of this Order. Plaintiff's and/or her counsel's failure to comply with this Order may result in the dismissal of this matter without further notice.

IT IS SO ORDERED.

DATE: July 6, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT