IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FERISSA TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-00493-CV-W-ODS |
| | ) | |
| U.S. DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Since November 2019, Plaintiff and her counsel, Jack R. T. Jordan, have filed repetitive abusive motions and briefs. It began with Plaintiff's "Motion to Remedy Judge Smith's Lies and Crimes and Lift the Stay or Disqualify Judge Smith." Doc. #17. Plaintiff's motion maintained the undersigned engaged in criminal activity, including conspiring with Defendant United States Department of Labor and its attorneys; violated oaths, federal law, and the Constitution; engaged in "treason to the Constitution"; and "openly declared his intent to decide this case fraudulently." *Id.* at 8-9, 13-14, 16-20.

In January 2020, the Court directed "the Clerk's Office to randomly assign this matter to another Article III judge for the limited purposes of conducting a show cause proceeding related to" Plaintiff's November 2019 motion (Doc. #17) and "issue any order resulting therefrom." Doc. #23. Thereafter, the Honorable Beth Phillips directed Plaintiff and her counsel to show cause why they should not be held in contempt or sanctioned. Doc. #25. Plaintiff's counsel filed numerous responses. Ultimately, on March 4, 2020, Chief Judge Phillips held Plaintiff's counsel in contempt of Court and sanctioned him $1,000 for violating Rule 11(c)(4) of the Federal Rules of Civil Procedure. Doc. #47. Chief Judge Phillips also referred Plaintiff's counsel to the Office of the Disciplinary Administrator in Kansas, where Plaintiff's counsel is licensed to practice, to determine what action, if any, should be taken for counsel's potentially unethical conduct. *Id.*

But sanctions did not deter Plaintiff or her counsel. They proceeded to file numerous motions and briefs stating the undersigned and Chief Judge Phillips engaged

in criminal, illegal, and improper conduct. Docs. #48-50, 52-53, 55, 57-58, 60-61, 64-65. On June 2, 2020, Judge Phillips noted Plaintiff's filings "exhibit[ed] the same conduct that resulted in the imposition of sanctions in the first place." Doc. #71. Judge Phillips again referred Plaintiff's counsel to the Kansas Office of the Disciplinary Administrator. *Id.*

Yet, Plaintiff's counsel remained undeterred. On June 26, 2020, the Court stated many of Plaintiff's filings have been "largely frivolous, unprofessional, and scurrilous, if not defamatory, in tone and content." Doc. #83, at 1. The Court "warn[ed] Plaintiff that additional frivolous motion practice will be met with additional sanctions, another referral to the Kansas Bar Association, and referrals to other jurisdictions wherein counsel is licensed to practice law." *Id.* at 1-2.

Despite the Court's warning, Plaintiff and her counsel immediately filed two frivolous motions. Docs. #90-91. On June 30, 2020, the Court struck both motions, but directed the Clerk's Office to retain copies of the motions under seal.[1] Doc. #92. Due to the repetitive nature of these filings, the Court also prohibited Plaintiff and her counsel from filing anything further without the Court's approval. *Id.*

On July 2, 2020, Jordan sent an email to Chambers staff requesting a telephone conference on a matter previously decided and attached a motion seeking leave to file a Notice of Appeal. On July 6, 2020, the Court permitted Plaintiff to file her motion seeking leave to file a Notice of Appeal. Doc. #93. In fact, the Clerk's Office filed Plaintiff's motion. Doc. #94. But the Court filed and struck Plaintiff's counsel's request for a telephone conference because an identical request was previously denied, and the request violated the Court's Orders. Docs. #93, 95. The Court reminded Plaintiff and her counsel that they were prohibited from filing anything without the Court's approval. Doc. #93.

---

[1] When the Court strikes a filing, the filing is removed from ECF and is not viewable by anyone, including the Eighth Circuit Court of Appeals. Consequently, the Court directed the Clerk's Office to retain stricken filings under seal so they could be viewed by the Eighth Circuit. Additionally, the Court can and may provide the stricken filings to the Kansas Office of the Disciplinary Administrator or other disciplinary authority. Contrary to Plaintiff's counsel's contention, the Court is not sealing the filings to conceal them from the public.

On July 8, 2020, Plaintiff's counsel sent another email to Chambers staff. Plaintiff's counsel stated, among other things, the undersigned's "efforts (alone or in conjunction with the Clerk or federal agency employees) to deny me any right protected by federal law or the Constitution is criminal." Doc. #97, at 2; Doc. #98. Plaintiff's counsel also proclaimed the undersigned has engaged in "criminal misconduct," and the undersigned is "obstruct[ing] or imped[ing] [Plaintiff's counsel's] filing of the attached Notice of Appeal will be criminal." *Id.* Attached to Plaintiff's counsel's email was "Purported Contemnor's Notice of Appeal." Doc. #98-1.

On July 9, 2020, the Court filed Plaintiff's counsel's email and attachment thereto, struck both filings, and directed the Clerk's Office to maintain the filings under seal. Doc. #97. The Court again referred Plaintiff's counsel to the Kansas Bar Association. *Id.*

Although prohibited from filing anything without the Court's approval (Docs. #92-93, 97) and while her motion for leave to file a Notice of Appeal was pending, Plaintiff filed a Notice of Appeal on July 9, 2020, without obtaining the Court's approval. Doc. #100.

On July 13, 2020, Plaintiff's counsel sent another email to Chambers staff. The email attached a letter and two exhibits. The Court found Plaintiff and her counsel were attempting to circumvent the Court's filing prohibition by emailing a substantive filing – albeit in letter form – to Chambers staff. Doc. #107. The Court filed Plaintiff's counsel's email and attachments thereto and struck them. Docs. #104, 107. The Court also directed the Clerk's Office to maintain the filings under seal. *Id.* The Court ordered that Plaintiff and her counsel were prohibited from filing anything further, except for a Notice of Appeal. *Id.* In addition, the Court prohibited Plaintiff and her counsel from sending emails to Chambers staff. *Id.*

On July 13, 2020, the Court entered its Order granting summary judgment in Defendant's favor, and a clerk's judgment was entered. Docs. #102, 103. In addition, the Court struck Plaintiff's July 9, 2020 Notice of Appeal because it violated the Court's Orders.[2] Doc. #102, at 26-27. Nevertheless, on July 13, 2020, Plaintiff filed a Notice of

---

[2] If Plaintiff and her counsel contend the Court erred in striking Plaintiff's July 9, 2020 Notice of Appeal, that issue may be raised with the Eighth Circuit Court of Appeals.

Appeal that encompassed the Court's July 13, 2020 rulings, as well as the Court's decisions listed in Plaintiff's July 9, 2020 Notice of Appeal. Doc. #105.[3]

On July 14, 2020, Plaintiff's counsel sent an email to Chambers staff and also sent an email to a Clerk's Office employee, copying Chambers staff on the email. In both emails, Jordan questioned the Court's authority to strike Plaintiff's July 9, 2020 Notice of Appeal. On July 15, 2020, the Court entered an Order informing Plaintiff and her counsel that the Court's decision to strike the July 9, 2020 Notice of Appeal remained unchanged. Doc. #108. The Court reminded Plaintiff and her counsel that they were not permitted to file anything further and were prohibited from emailing Chambers staff. *Id.* The Court informed Plaintiff and her counsel that they were prohibited from sending emails to the Clerk's Office. *Id.* Because the matter was appealed, the Court instructed Plaintiff and her counsel to direct all inquiries to the Eighth Circuit. *Id.*

Disregarding the Court's Orders, Plaintiff's counsel sent two emails to Chambers staff on July 16, 2020. Attached to the first email was a letter purporting to address, among other things, Plaintiff's counsel's preparation of a petition for writ of mandamus related to this Court striking and sealing the July 9, 2020 Notice of Appeal and requiring the Clerk's Office to transmit the July 9, 2020 Notice of Appeal. Attached to the second email was a motion to reconsider Plaintiff previously filed (Doc. #79).

---

Likewise, if Plaintiff and her counsel believe the appeal in this matter should be separated into two different appeals – one pertaining to the sanctions against Plaintiff's counsel, and one addressing Plaintiff's claims – they should raise that issue with the Eighth Circuit.

[3] Plaintiff's July 13, 2020 Notice of Appeal also violates the Court's Orders in that it contains statements like those that resulted in Plaintiff's counsel being held in contempt and sanctioned, and it is disrespectful, unprofessional, and scurrilous, if not defamatory, in tone and content. Among other things, Plaintiff's Notice of Appeal states: "Judge Smith is helping DOL and DOJ employees criminally conceal evidence"; "Judge Smith underscored that he also is illegally essentially purporting to testify for the DOL and he is also personally criminally concealing evidence"; Judge Smith "asserted another Lie," "asserted two obvious Lies," and "Judge Smith's first Lie...was a legal and logical impossibility"; and "multiple provisions of federal criminal law...apply to the misconduct of Judge Smith and DOL and DOJ employees." Doc. #105, at 1-7. Although the Court could strike Plaintiff's July 13, 2020 Notice of Appeal because it violates the Court's Orders, it has chosen not to do so.

These emails violate the Court's Orders. First and foremost, Plaintiff and her counsel were prohibited from sending emails to Chambers staff. Second, Plaintiff's counsel's emails and the letter attached to the first email recite the same statements that led to Plaintiff's counsel being held in contempt and sanctioned. Third, the emails and the letter are efforts to avoid the Court's prohibition against Plaintiff and her counsel filing anything further in this matter. Fourth, the emails and letter generally reiterate arguments already raised by Plaintiff and her counsel, even though the Court warned Plaintiff and her counsel that it would not entertain filings that rehashed arguments.

These emails – and Plaintiff's counsel's emails to Chambers staff since the Court prohibited them from filing anything without Court approval – are abusive. But this is not a new development. For several months, Plaintiff and her counsel have engaged in a pattern of disrespectful, improper, and abusive conduct and have disregarded and violated the Court's Orders.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation omitted) (stating federal courts' inherent powers "are necessary to the exercise of all others."). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The district courts' contempt power arose from "disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.* at 44 (quoting *Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 798 (1987)); *see also Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998).

The Court entered several Orders demanding Plaintiff and her counsel cease their unacceptable and offensive conduct. Chief Judge Beth Phillips even sanctioned Plaintiff's counsel. But the conduct continued. After Plaintiff and her counsel consistently disobeyed this Court's Orders, the Court imposed filing restrictions. When a party's filings are "abusive and repetitive," they strain court resources, and a court

may impose filings restrictions. *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1996) (citing *In re McDonald*, 489 U.S. 180, 184 (1989)); *see also Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (stating, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

But Plaintiff and her counsel disobeyed the Court's filing restriction (and violated other Orders) when they filed a Notice of Appeal on July 9, 2020. *See* Docs. #89, 93, 97. Moreover, Plaintiff and her counsel could have avoided the July 9, 2020 Notice of Appeal being struck had they obeyed the Court's Orders. Or they could have awaited the Court's decision on Plaintiff's motion for leave to file the Notice of Appeal, which was pending at the time.[4] Or they could have appealed all the Court's decisions at once. Because Plaintiff and her counsel's July 9, 2020 Notice of Appeal violated the Court's Orders, the Court struck the Notice of Appeal. *See Theriault v. Silber*, 574 F.2d 197, 197 (5th Cir. 1978) (citation omitted) (granting a motion to strike a notice of appeal because it was "abusive," contained "disrespectful and impertinent references to the trial judge," and was "beneath the dignity of this court.").

Then, when Plaintiff's counsel began sending substantive filings – albeit in email form – to Chambers staff, the Court prohibited Plaintiff and her counsel from emailing Chambers staff. But Plaintiff's counsel continues to violate the Court's Orders prohibiting him from sending emails to Chambers staff. Plaintiff's counsel's July 16, 2020 emails and attachments thereto are the latest violations. The Clerk's Office is directed to file these emails and their attachments. The Court strikes the emails and attachments but directs the Clerk's Office to maintain copies of these filings under seal.

This Court has been tolerant of Plaintiff's counsel's abusive antics. Although ordered not to email Chambers staff and Clerk's Office employees, Plaintiff's counsel continues to disregard the Court's Orders. For his repeated violations of Court's Orders, including but not limited to the Court's Orders prohibiting Plaintiff's counsel from

---

[4] Plaintiff's July 9, 2020 Notice of Appeal did not divest this Court of jurisdiction over this matter. "The filing of a notice of appeal…confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

emailing Chambers staff and Clerk's Office staff, the Court sanctions Plaintiff's counsel, Jack Jordan, in the amount of $500.00.[5]  This sum shall be paid to the Clerk of the Court within thirty days of this Order.  For each future violation of the Court's Orders, the Court will sanction Plaintiff's counsel an additional $500.00 per violation.

      Plaintiff and her counsel are permitted to file a Notice of Appeal pertaining to this Order but shall not file anything further in this matter.  The Court reiterates Plaintiff and her counsel are prohibited from contacting Chambers staff and Clerk's Office staff.

      The Court directs the Clerk's Office to transmit this Order to the Office of the Kansas Disciplinary Administrator and the New York Attorney Grievance Committee.

IT IS SO ORDERED.

DATE: July 20, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[5] Although this matter has been appealed, this Court retains jurisdiction "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (citations omitted).